616 A.2d 1069

CAN CORPORATION OF AMERICA, Petitioner,

v.

UNEMPLOYMENT COMPENSATION BOARD
OF REVIEW, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 25, 1992.

Decided Oct. 26, 1992.

Laurence M. DelVecchio, for petitioner.

Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Before PALLADINO and PELLEGRINI, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Can Corporation of America (Employer) appeals an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's grant of benefits to Quincy M. Jones (Claimant) pursuant to Section 402(e) of the Unemployment Compensation Law (Law)[1] (willful misconduct). We affirm.

Claimant worked for Employer as a quality control inspector. On August 7, 1991, Employer changed the "can-line" to accommodate a different size product. Claimant was to perform a quality control inspection of the new cans and record the results in a log book. Claimant failed to perform the inspection but recorded that he had in the log book.

The next day, Employer confronted Claimant about the log entries. Claimant admitted that he had falsified the data. As a result, Employer suspended Claimant from his job for three days. Claimant had a scheduled vacation during the week following the suspension. Employer instructed Claimant to contact Employer at the end of his vacation.

Upon his return from vacation, Claimant contacted Employer several times and was told each time that Employer was "still working on it." Claimant and Employer discussed the possibility of placing Claimant in a different department. In late August, still without a response from employer, Claimant applied for unemployment compensation. Shortly thereafter, Employer terminated Claimant.

The Office of Employment Security (OES) denied benefits pursuant to Section 402(e) of the Law; Claimant appealed. Before the referee, Claimant introduced testimony that Employer had not decided to fire him until Employer discovered Claimant had filed for unemployment benefits. In fact, Employer's witness testified that it did not discharge Claimant from his employment until he applied for unemployment compensation:

R   Has the claimant been terminated Mr. Hummel?

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(e).

EW The intent was to terminate once he had filed for unemployment compensation. So, the decision of termination was made, however, he was not officially notified.

The referee granted benefits on the basis that the Claimant's filing for unemployment benefits did not constitute willful misconduct. Employer appealed to the Board which affirmed the referee and this appeal followed.[2]

Employer asserts that the Board erred in granting benefits because substantial evidence [3] exists that Claimant's discharge was due to willful misconduct [4] connected with his work. However, because of our scope of review, what is before us is whether there is substantial evidence to support the conclusion that Claimant was terminated because he filed for benefits.

It is well settled that the Board is the ultimate factfinding body in unemployment compensation matters and is empowered to resolve conflicts in evidence, to determine what weight is to be accorded to the evidence and to determine the credibility of witnesses. *Peak.*

The referee determined and the Board affirmed that the decision to terminate Claimant was made after Claimant applied for unemployment compensation. Employer's own testimony supports this finding. Employer discharged Claimant for exercising his legal right to apply for unemployment compensation. Filing an application for unemployment compensation benefits does not constitute willful misconduct under

**2.** Our scope of review is limited to a determination of whether constitutional rights have been violated, whether an error of law has been committed and whether factual findings necessary to support the adjudication are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

**3.** Substantial evidence is defined as such relevant evidence as a reasonable person would deem adequate to support the conclusion reached. *Peak v. Unemployment Compensation Board of Review*, 509 Pa. 267, 501 A.2d 1383 (1985).

**4.** The question of whether an employee's conduct rises to the level of willful misconduct is a question of law subject to our review. *PMA Reinsurance Corporation v. Unemployment Compensation Board of Review*, 126 Pa. Commonwealth Ct. 94, 558 A.2d 623 (1989).

Section 402(e). The Board did not err in its award of benefits to Claimant.

Accordingly, we affirm.

## ORDER

AND NOW, this 26th day of October, 1992, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.